FILED

NOV - 6 2012

RICHARD W. WIEKING
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
OAKLAND

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| UNITED STATES OF AMERICA, | ) No. 12-618 CW (DMR) |
|---|---|
| Plaintiff, | ) |
| v. | ) DETENTION ORDER |
| MARTIN BINMON AVERY, | ) |
| Defendant. | ) |

## I. BACKGROUND AND INTRODUCTION

Defendant Martin Binmon Avery is charged in an indictment with violations of 18 U.S.C. §§ 2252(a)(2) and (a)(4)(B) (possession and distribution of child pornography).

Mr. Avery made his initial appearance on October 29, 2012. At that time, the United States moved for his detention pursuant to the Bail Reform Act and asked for a hearing as permitted by 18 U.S.C. § 3142(f). Pretrial Services prepared a full bail study, which recommended Mr. Avery's detention based on its belief that the court could not impose a combination of release conditions to reasonably mitigate the risk of flight and danger to the community. The court held a detention hearing on November 6, 2012, at which each side was given the opportunity to make their proffers to the court. Having fully considered the matter, the court orders that Mr. Avery be detained.

## II. LEGAL ANALYSIS

The Bail Reform Act requires that in a pretrial posture, the government bears the burden

DETENTION ORDER
CR 12-618 CW (DMR)                           1

cc: Copy to parties via ECF, 2 Certified copies to U.S. Marshal, Pretrial
    Nikki                                                         Services

of proving that a defendant poses a risk of flight and/or a danger to the community that cannot be mitigated through the imposition of conditions of release. If the government does not meet its burden, the Court's duty is to fashion appropriate conditions that permit the defendant to remain out of custody during the preparation of his or her defense, while safeguarding against flight or community danger. Close cases should result in release "[t]o give effect to the principle that doubts regarding the propriety of release be resolved in favor of the defendant." *United States v. Chen*, 820 F. Supp. 1205, 1208 (N.D. Cal. 1992) (Walker, J.) (citing *United States v. Motamedi*, 767 F.2d 1403, 1405-06 (9th Cir. 1985)).

A person facing trial generally shall be released if some "condition, or combination of conditions . . . [can] reasonably assure the appearance of the person as required and the safety of any other person and the community." 18 U.S.C. § 3142(c). In non-capital cases, the court should deny pretrial release "only in rare circumstances." *Motamedi*, 767 F.2d 1403 at 1405 (citations omitted); *see also United States v. Salerno*, 481 U.S. 739, 755 (1987) (upholding constitutionality of Bail Reform Act) ("In our society liberty is the norm, and detention prior to trial or without trial is the carefully limited exception.").

The court must order a defendant detained if it finds that it cannot fashion conditions to assure the defendant's appearance in court or the safety of the community or another person. 18 U.S.C. § 3142(e)(1). The government bears the burden of proof on either prong. To prove that no condition or combination of conditions can assure that the accused will appear at required court hearings, the government must show by a preponderance of the evidence that the accused is a flight risk. *United States v. Aitken*, 898 F.2d 104, 107 (9th Cir. 1990) (citing *Motamedi*, 767 F.2d at 1406). The government must prove that the defendant poses a non-mitigable danger to the community through clear and convincing evidence. *Id.* (citing *Motamedi*, 767 F.2d at 1406).

For certain charged offenses, including drug crimes with a maximum prison term of at least ten years, "[s]ubject to rebuttal by the person, it shall be presumed that no condition or combination of conditions will reasonably assure the appearance of the person . . . and the safety of the community." 18 U.S.C. § 3142(e)(3). The presumption shifts a burden of production to a defendant, but the burden of persuasion remains with the government. *United States v. Hir*, 517

DETENTION ORDER
CR 12-618 CW (DMR)                                    2

F.3d 1081, 1086 (9th Cir. 2008). The presumption is not erased when a defendant proffers rebutting evidence; "rather, the presumption 'remains in the case as an evidentiary finding militating against release, to be weighed along with'" the other relevant evidence. *Id.* (citation omitted).

Bail hearings generally proceed by proffer, and the rules of evidence do not apply. 18 U.S.C. § 3142(f)(2). At the hearing, the court determines whether any conditions in section 3142(c) will reasonably assure the defendant's appearance and the safety of the community or another person. *Id.* The Bail Reform Act "mandates release of a person facing trial under the least restrictive condition or combination of conditions that will reasonably assure the appearance of the person as required." *Motamedi*, 767 F.2d at 1405 (citations omitted).

In evaluating whether pretrial release is appropriate, a court must consider (1) the nature and circumstances of the offense, (2) the weight of the evidence, (3) the history and characteristics of the person (including his character, physical and mental condition, family ties, employment, financial resources, length of residence in the community, community ties, past conduct, history relating to drug and alcohol abuse, criminal history, or record concerning appearance at court proceedings), and (4) the nature and seriousness of the danger to any person or the community posed by the person's release. 18 U.S.C. § 3142(g); *Motamedi*, 767 F.2d at 1407.

Mr. Avery has been charged with one count of possession, and two counts of distribution of child pornography. He is 46 years old and lives with his mother, for whom he is the primary caregiver. He has lived in Northern California his entire life, except for one year that he spent in Texas. Mr. Avery has been divorced since 1997. He has two children, neither of whom live with him. He has been unemployed since March 2012, and had sporadic self-employment since 1992. He was not able to identify any potential sureties.

Mr. Avery is a registered sex offender. He sustained a misdemeanor conviction in 1999 for "annoying/molesting children." He has a 2007 conviction for reckless driving, and a 2009 conviction for driving under the influence of drug or alcohol. His criminal history also indicates that he has failed to make court appearances at least twice, and that he sustained revocations of

DETENTION ORDER
CR 12-618 CW (DMR)                                         3

probation in 1999 and 2009. He is a daily methamphetamine user and also regularly uses marijuana. He admitted to being a heavy alcohol user until three years ago, and to have used cocaine in the past. His sister reports that he has used ecstacy and GHB. With respect to mental health, Mr. Avery stated that he has never received treatment for any emotional or psychiatric problems. However, his family members report concerns about his mental health. Mr. Avery has resisted their past recommendations that he engage in mental health counseling. His mother and sister both report that Mr. Avery has vocalized suicidal thoughts, as recently as six months ago.

Viewing the record as a whole, the court finds that the government has met its burden of establishing that Mr. Avery presents a risk of danger to the community, as well as a serious risk of flight, that the court cannot mitigate through the imposition of reasonable conditions. Of greatest concern is Mr. Avery's history of long-standing polysubstance abuse, untreated mental health issues, some indication of resistance to counseling, and concerns about self-harm and self-destructive behavior. In addition, Mr. Avery's status as a registered sex offender automatically disqualifies him from placement in available residential treatment facilities. Finally, Mr. Avery was unable to identify any sureties to help guarantee his compliance with release terms.

The court therefore detains Mr. Avery. He shall remain committed to the custody of the Attorney General for confinement in a corrections facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal. Defendant shall be afforded reasonable opportunity for private consultation with counsel. On order of a court of the United States or on request of an attorney for the government, the person in charge of the corrections facility in which Defendant is confined shall deliver Defendant to a United States marshal for the purpose of an appearance in connection with a court proceeding.

IT IS SO ORDERED.

DATED: November 6, 2012

DONNA M. RYU
United States Magistrate Judge